NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5474-15T1

KAREN JOHNSON,

 Appellant,

v.

BOARD OF REVIEW, DEPARTMENT OF
LABOR, EQUINOX MANAGEMENT GROUP,
INC., and STARR COMPANY,

 Respondents.
________________________________

 Submitted June 19, 2017 – Decided June 26, 2017

 Before Judges Yannotti and Haas.

 On appeal from Board of Review, Department of
 Labor and Workforce Development, Docket No.
 085,240.

 Karen Johnson, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent Board of Review
 (Melissa Dutton Schaffer, Assistant Attorney
 General, of counsel; Christopher J. Hamner,
 Deputy Attorney General, on the brief).

 Respondents Equinox Management Group, Inc. and
 Starr Company have not filed briefs.

PER CURIAM
 Karen Johnson appeals from a final decision of the Board of

Review (Board), dated June 20, 2016, which upheld a determination

of the Appeal Tribunal, finding that Johnson was disqualified from

unemployment compensation benefits for the period from January 31,

2016, to February 13, 2016, because she failed to comply with the

reporting requirements in N.J.A.C. 12:17-4.2(a). We affirm.

 Johnson was employed by Equinox Management Group (Equinox)

as a senior underwriter/project and program manager. On February

2, 2016, Johnson gave Equinox written notice of her intent to

resign her position on February 16, 2016. It appears that Johnson

had accepted a job with Starr Company (Starr), one of Equinox's

competitors, and she would be starting work for Starr on February

16, 2016.

 Equinox has a policy that prohibits employees from working

their two final weeks if they are leaving the company to work for

a competitor. Therefore, Equinox terminated Johnson, effective

February 2, 2016. Johnson did not return to work at Equinox after

that date.

 Johnson alleges that she first learned she had been terminated

on February 9, 2016. The following day, Equinox offered to give

Johnson two weeks of severance pay if she executed a separation

agreement, which stated that she was not going to work for a

competitor. Johnson began to work for Starr on February 16, 2016.

 2 A-5474-15T1
Johnson's attorney later advised her not to sign the severance

agreement. On February 21, 2016, Johnson filed a claim for

unemployment compensation benefits.

 On March 22, 2016, a deputy director of unemployment insurance

in the Department of Labor and Workforce Development found Johnson

ineligible for benefits pursuant to N.J.S.A. 43:21-5(a) because

she left work voluntarily without good cause attributable to the

work. Johnson appealed that determination to the Appeal Tribunal,

which conducted a hearing in the matter on April 26, 2016.

 The Appeal Tribunal issued a decision, which was mailed on

April 28, 2016, reversing the deputy's determination. The Appeal

Tribunal rejected the deputy's finding that Johnson left work

voluntarily, but found that she was disqualified from receiving

unemployment benefits because at the time she submitted her claim,

she was working for a new employer. Johnson appealed the Appeal

Tribunal's decision to the Board.

 The Board thereafter affirmed the Appeal Tribunal's findings

of fact, but modified its decision. The Board determined that

Johnson was not eligible for benefits for the week of January 31,

2016, to February 13, 2016, because she did not comply with the

reporting requirements in N.J.A.C. 12:17-4.2(a). The Board noted

that Johnson did not file her claim for benefits until February

21, 2016. The Board refused to allow Johnson to backdate the claim,

 3 A-5474-15T1
noting that she made no attempt to file the claim prior to February

21, 2016. This appeal followed.

 On appeal, Johnson argues that the Board should have awarded

her unemployment benefits for the period from February 3, 2016,

to February 15, 2016. She contends that she did not know until

February 21, 2016, that she would not be receiving two weeks of

severance pay. Johnson therefore claims she was unable to submit

a claim for unemployment benefits before that date.

 The scope of our review in an appeal from a final

determination of an administrative agency is strictly limited. We

will not disturb an agency's decision unless it is shown to be

arbitrary, capricious, or unreasonable. Brady v. Bd. of Review,

152 N.J. 197, 210 (1997) (citing In re Warren, 117 N.J. 295, 296

(1989)). We can only intervene "in those rare circumstances in

which an agency action is clearly inconsistent with its statutory

mission or with other State policy." Ibid. (quoting George Harms

Constr. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994)).

 Furthermore, "[i]n reviewing the factual findings made in an

unemployment compensation proceeding, the test is not whether [we]

would come to the same conclusion if the original determination

was [ours] to make, but rather whether the factfinder could

reasonably so conclude upon the proofs." Ibid. (alteration in

 4 A-5474-15T1
original) (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74,

79 (App. Div. 1985)).

 Here, the Board found that Johnson was disqualified from

receiving benefits for the period from January 31, 2016, to

February 13, 2016, because she did not comply with the reporting

requirements of N.J.A.C. 12:17-4.2(a). The regulation provides

that "[a]n individual shall telephone a Reemployment Call Center

or contact the Division via an Internet application to file an

initial claim for benefits, unless another method of filing is

prescribed by the Division." N.J.A.C. 12:17-4.2(a). The regulation

further provides that "[t]he effective date of an initial claim

for benefits is the Sunday of the week in which the claimant first

reports to claim benefits." Ibid.

 Johnson concedes that she did not report her claim for

unemployment benefits until February 21, 2016. Although Johnson

asserts she did not know she would not be receiving two weeks of

severance pay until February 21, 2016, her testimony before the

Appeal Tribunal shows that she was terminated on February 2, 2016.

She stated that persons at Equinox "walked me out the door and

said good luck[,] good-bye."

 Furthermore, Johnson knew on February 9, 2016, that she would

not be paid for the two weeks after she gave notice. On February

10, 2016, Johnson was offered the opportunity to be paid for those

 5 A-5474-15T1
two weeks, but she had to sign an agreement indicating she would

not work for one of Equinox's competitors. Johnson never signed

that agreement, and she did not file a claim until February 21,

2016.

 Thus, there is sufficient credible evidence in the record to

support the Board's determination that Johnson was disqualified

from receiving benefits from January 31, 2016, to February 13,

2016. Johnson did not report her initial claim in the manner

required by N.J.A.C. 12:17-4.2(a) before February 21, 2016, and

she failed to establish good cause for failing to submit her claim

before that date.

 Affirmed.

 6 A-5474-15T1